MILDRED MAZELLA, an Infant under the Age of Fourteen Years, by JOSEPH MAZELLA, Her Guardian ad Litem, and JOSEPH MAZELLA, Appellants, v. THE CITY OF NEW YORK, Respondent.— The infant plaintiff — four years old — sues for damages for personal injuries sustained as a consequence of being pushed by a crowd of passengers against an iron gate leading from the ferry-house to the entrance to the boat at the Staten Island ferry terminal. The father sues for loss of services and expenses. The complaint was dismissed for failure to establish the negligence alleged. Assuming the complaint did not sufficiently allege the negligence that resulted in the infant plaintiff's injuries, we believe the court should not have dismissed the complaint on the merits, but should have granted plaintiffs' motion to amend the pleadings to conform to the proof, particularly as there was no claim of surprise, no bill of particulars was ordered, there was no objection to the evidence concerning crowding, and no motion was made to strike it out. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

HENRY McCUSKER, HENRY BIERWEILER and HARRY REICHERT, Appellants, Respondents, v. JAMAICA BUSES, INC., Respondent, Appellant.— A city fire truck collided with defendant's bus while the bus was crossing a street intersection in Jamaica, borough of Queens. The three plaintiffs, firemen, who were on the truck, brought action against the owner of the bus to recover for personal injuries sustained. The jury rendered a verdict in favor of the plaintiff McCusker in the sum of $15,000, a verdict in favor of plaintiff Reichert in the sum of $500, and a verdict of "no award" to plaintiff Bierweiler on the ground, apparently, that both he and the driver of the bus were guilty of negligence contributing to the accident. The verdicts in favor of plaintiffs McCusker and Reichert were set aside. A motion to set aside the verdict against plaintiff Bierweiler was denied. Plaintiffs appeal from the order. Defendant appeals from so much thereof as denies its motion to dismiss the complaint on the grounds stated at the close of plaintiffs' [defendant's] case. Order modified so as to provide that the motion to set aside the verdicts in favor of plaintiffs McCusker and Reichert be denied. As so modified, the order is affirmed, with costs to said plaintiffs, the verdicts in their favor reinstated, and judgment directed to be entered thereon. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Adel, J., dissents and votes to affirm, without modification, with the following memorandum: The trial court set aside the verdicts in favor of plaintiffs McCusker and Reichert on the ground that as to them the verdicts were against the weight of the credible evidence. He saw and heard the witnesses. His judgment should not be interfered with, especially where the evident conclusion of the jury was that the driver of the fire truck was negligent in its operation.

ROBERT P. McTIGUE, Appellant, v. BENJAMIN MARGOLIS, RALPH M. SCHAIN, HENRY TILFORD, Doing Business as HOFFMAN MACHINERY & ENGRAVING Co., and JOSEPH FRIEDMAN, Respondents, and Others, Defendants.— In an action for conversion and treble damages, judgment dismissing the complaint on the merits, in so far as appealed from, affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Johnston and Adel, JJ., concur; Close, J., dissents and votes for reversal and a new trial on the ground that the finding of abandonment is against the weight of the evidence.